IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | |
| Emily A. Steigerwald | : | Case No. 23-10130-CMB |
| | : | |
| Debtor(s) | : | Chapter 13 |
| | : | |
| Ronda J. Winnecour, Trustee | : | |
| Movant(s) | : | Related to Document 12 |
| | : | Hearing: 8/2/23 at 2:30 p.m. |
| vs. | : | |
| | : | |
| Emily A. Steigerwald | : | |
| | : | |
| Respondent(s) | : | |

### CHAPTER 13 TRUSTEE'S OBJECTION TO 03/28/2023 PLAN, AND REQUEST THAT CASE BE CONVERTED TO CHAPTER 7

RONDA J. WINNECOUR ("Trustee") objects to the Plan and requests conversion for the following reasons:

### DEBTOR FAILED TO APPEAR AT 341 MEETINGS

1. Three §341 meetings have been scheduled in this case: 05/02/2023, 06/06/2023, and 07/11/2023. Debtor has failed to appear for any meeting.

### REQUEST THAT CONFIRMATION BE DENIED AND CASE BE CONVERTED TO CHAPTER 7

2. Based on failure to appear there is a delay prejudicial to creditors and possibly a lack of good faith. Trustee requests that confirmation be denied.[1]

3. Under 11 U.S.C. §1307(c), the Court may convert or dismiss a case, whichever is in the best interests of creditors and the estate, once cause has been

---

[1] The burden of proof for an objection to confirmation of a Chapter 13 Plan is a shifting one. The party objecting to confirmation bears the initial burden of presenting some evidence to support the objection. In re McKinney, 507 B.R. 534, 539 (Bankr. W.D. Pa. 2014). Once the objecting party satisfies this initial burden, the burden shifts to the debtor, who always holds the ultimate burden of proof in the matter, to prove by a preponderance of the evidence that the plan complies with the requirements of 11 U.S.C. § 1325. Id. Trustee avers that the circumstances of this case satisfies her burden to state a case for denying confirmation.

shown. See, e.g., In re Bouchard, 560 B.R. 385, 398 (Bankr. D. R. I. 2016). Cause includes those factors enumerated in §1307(c). The enumerated factors in §1307(c) are not, however, exclusive. In re Lilley, 91 F.3d 491, 494 (3d Cir.1996). Cause exists in this case given: unreasonable delay by the debtor that is prejudicial to creditors.[2] The case cannot move forward until the meeting is conducted.

4. In addition to the expressed factors in §1307(c), it is firmly established that a lack of good faith may constitute cause for dismissal or conversion of a Chapter 13 bankruptcy. In re Bandini, 165 B.R. 317, 319 (Bkrtcy. S.D.Fla. 1994). Generally speaking, "good faith" for purposes of Chapter 13 requires more than technical compliance with the provisions of the statute; "good faith" requires "honesty of purpose" on the part of the debtor and contemplates broad judicial inquiry into the debtor's conduct and state of mind in proposing a plan. Id. The courts should determine whether, under the facts and circumstances of the case, there is an abuse of the provisions, purpose, or spirit of Chapter 13. Id. See also In re Jacobsen, 609 F.3d 647, 660 (5th Cir.2010) ("we hold that a bankruptcy court has the discretion to grant a pending motion to convert for cause under § 1307(c) where the debtor has acted in bad faith or abused the bankruptcy process.") Trustee believes that the Debtor's failure to take steps to move this case forward (including particularly the failure to appear for a creditors' meeting) reflects a lack of effort and therefore good faith.

---

[2] The Debtor has been making plan payments, provided, however, the payments have not been in the full amount provided for in the plan. In addition, the case may be underfunded. Trustee believes to be a §1325(a)(4) minimum in this case, for no other reason than unexempted amounts in financial accounts that may be being currently dissipated (even though they have not been exempted). Trustee has also requested that the Debtor provide an objective basis of the value of her real estate.

5. Conversion is the preferable remedy where the debtor potentially has valuable assets that can be administered in a Chapter 7 estate. In Re Jensen, 425 B.R. 105, 111 (Bankr. S.D.N.Y. 2010) (citing Keith M. Lundin, Chapter 13 Bankruptcy, 3d Ed. § 312.1 (2000 & Supp.2004) ("If there are assets to be administered, conversion will usually be the better bet for the general creditor.")) See also In re Blaise, 219 B.R. 946 (2d Cir. BAP 1998) (finding conversion rather than dismissal appropriate where, inter alia, the debtor "persisted in delaying the sale of property, the proceeds of which were to be used to pay creditors"). Similarly, conversion is appropriate where there are questions about the degree and extent of the debtor's assets such that an investigation by an independent trustee is warranted. See, e.g., In re Brock, 365 B.R. 201, 212-13 (Bankr. D. Kan. 2007).

6. It appears there is equity in the Debtor's assets that could be liquidated for the benefit of creditors. Accordingly, Trustee requests conversion in lieu of dismissal.

WHEREFORE, the Trustee respectfully requests that confirmation of the plan be denied and the case converted to Chapter 7.

RONDA J. WINNECOUR,
CHAPTER 13 TRUSTEE

Date: July 13, 2023

By: /s/ Owen W. Katz
Owen W. Katz, PA I.D. 36473
Attorney for Chapter 13 Trustee
US Steel Tower, Suite 3250
600 Grant Street
Pittsburgh, PA  15219
(412) 471-5566
Email: okatz@chapter13trusteewdpa.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re:
Emily A. Steigerwald                    :    Case No. 23-10130-CMB
                                        :
      Debtor(s)                         :    Chapter 13
                                        :
Ronda J. Winnecour, Trustee             :
      Movant(s)                         :    Related to Document 12
                                        :    Hearing: 8/2/23 at 2:30 p.m.
      vs.                               :
                                        :
Emily A. Steigerwald                    :
                                        :
      Respondent(s)                     :

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th of July 2023, I served one true and correct copy of the foregoing document on the following parties in interest by United States first-class mail, postage prepaid, addressed as follows:

Marta E. Villacorta, Esquire
Office of the United States Trustee
Liberty Center, Suite 970
1001 Liberty Avenue
Pittsburgh, PA 15222-3721

Lauren M. Lamb. Esquire
Steidl & Steinberg
707 Grant Street, Suite 2830
Pittsburgh, PA 15219

Emily A. Steigerwald
2169 South Manor Drive
Erie, PA 16505

                                        /s/Rosa Richard
                                        Office of Chapter 13 Trustee
                                        U.S. Steel Tower – Suite 3250
                                        600 Grant Street
                                        Pittsburgh, PA 15219
                                        (412) 471-5566
                                        cmecf@chapter13trusteewdpa.com