IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | |
| Emily A. Steigerwald, | ) | Case No. 23-10130-JCM |
| | ) | Chapter 13 |
| Debtor | ) | |
| | ) | |
| Emily A. Steigerwald, | ) | Related to Docket No. 118 |
| | ) | |
| Movant | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Ronda J. Winnecour, Trustee, | ) | |
| | ) | |
| Respondent | ) | |

## ORDER EMPLOYING SPECIAL COUNSEL

AND NOW, this  3rd  day of      September     , *2025*, upon consideration of the ***APPLICATION TO EMPLOY SPECIAL COUNSEL FOR DEBTOR'S WORKERS' COMPENSATION CLAIM*** it is hereby ***ORDERED, ADJUDGED and DECREED*** as follows:

1. Peter A. Pentz, Esquire and Pentz Law of 2409 State Street, Floor 2 Suite A, Erie, PA 16503, is hereby appointed as of the date the Application, as ***Special Counsel*** for the Estate/Movant pursuant to the terms (20% of any award under the Workers' Compensation Act, and reimbursement of costs and expenses; 25% of any award not under the Workers' Compensation Act prior to the filing of a suit; 33 ⅓% of any award not under the Workers' Compensation Act after the filing of a suit and prior to the filing of an appeal; 40% of any award not under the Workers' Compensation Act after the filing of an appeal) described in the Fee Agreement attached to the above referenced *Application* for the limited purpose of acting as attorney in connection with the interest of the Estate/Movant in pursuing a Workers' Compensation claim as referenced in the foregoing *Application*, ***PROVIDED HOWEVER,*** no settlement of any claim is to occur without prior Court Order after notice and hearing.

2. Professional persons or entities performing services in the above case are advised that approval of fees for professional services will be based not only on the amount involved and the results accomplished, but other factors as well including: the time and labor reasonably required by counsel, the novelty and difficulty of the issues presented, the skill requisite to perform the legal service properly, the preclusion of other employment due to acceptance of this case, the customary fee, whether the fee is fixed or contingent, the time limitations imposed by the client or the circumstances, the experience, reputation and ability of the attorneys involved, the undesirability of the case, the nature and length of the professional relationship with the client, and, awards in similar cases.

3. Approval of any motion for appointment of counsel in which certain hourly rates/compensation terms are stated for various professionals is not an agreement by the Court to allow fees at the

requested hourly rates or compensation terms, and is not a preapproval of compensation pursuant to 11 U.S.C. §328(a). Final compensation, awarded only after notice and hearing, may be more or less than the requested hourly rates/compensation terms based on application of the above-mentioned factors in granting approval by Court Order. *Any retainer paid to the Special Counsel is unaffected by this Order and remains property of the Estate until further order of Court.*

4. Notwithstanding anything to the contrary in the letter of engagement or agreement between Movant and Special Counsel, this Order does not authorize Special Counsel to retain or pay any outside counsel or other professional to assist Special Counsel in this matter unless such is done at no expense to Movant, directly or indirectly. Any other retention of and payment to an outside counsel or other professional is subject to prior approval of the Court.

5. The appointment of Charbel G. Latouf, Esquire and Latouf Law Firm is terminated upon the entry of this Order.

6. *Movant shall serve the within Order on all interested parties and file a certificate of service.*

_____ jlm
John C. Melaragno, Judge
United States Bankruptcy Court


SIGNED
9/3/25 11:22 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

United States Bankruptcy Court

Western District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 23-10130-JCM |
| Emily A. Steigerwald | Chapter 13 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0315-1 | User: auto | Page 1 of 2 |
| Date Rcvd: Sep 03, 2025 | Form ID: pdf900 | Total Noticed: 3 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+            Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 05, 2025:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Emily A. Steigerwald, 2169 South Manor Drive, Erie, PA 16505-4768 |
| sp | + | Charbel G. Latouf, Latouf Law Firm, 2409 State Street, Floor 2 Suite A, Erie, PA 16503-1856 |
| sp | + | Peter Pentz, 2409 State Street, Floor 2 Suite A, Erie, PA 16503-1856 |

TOTAL: 3

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

| | | |
|---|---|---|
| Date: Sep 05, 2025 | Signature: | /s/Gustava Winters |

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 3, 2025 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Adam Bradley Hall | on behalf of Creditor PNC BANK  NATIONAL ASSOCIATION amps@manleydeas.com |
| Denise Carlon | on behalf of Creditor PNC BANK  NATIONAL ASSOCIATION dcarlon@kmllawgroup.com |
| Lauren M. Lamb | on behalf of Debtor Emily A. Steigerwald julie.steidl@steidl-steinberg.com;courtdocs.sands@gmail.com;jsmith@steidl-steinberg.com;LambLR53037@notify.bestcase.com;rlager@steidl-steinberg.com;jsmalls@steidl-steinberg.com;bwilhelm@steidl-steinberg.com |
| Office of the United States Trustee | ustpregion03.pi.ecf@usdoj.gov |
| Ronda J. Winnecour | |

District/off: 0315-1 | User: auto | Page 2 of 2
Date Rcvd: Sep 03, 2025 | Form ID: pdf900 | Total Noticed: 3

cmecf@chapter13trusteewdpa.com

TOTAL: 5